# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **THALIA D. WAGONER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-18-821-G** |
| | ) | |
| **DAVID TOWNE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is the Motion to Dismiss for Lack of Personal Jurisdiction, Improper Service, Insufficient Service of Process, and Failure to State a Claim (Doc. No. 8) of Defendants Gypsum Resources Materials, LLC ("Gypsum") and Michael Rhodes ("Mr. Rhodes") (collectively, "Defendants"). Plaintiff has responded in opposition (Doc. No. 12), and Defendants have replied (Doc. No. 13). Having carefully reviewed the parties' submissions, the Court concludes that it lacks personal jurisdiction over these Defendants and, on that basis, grants their Motion.

### I. *Plaintiff's Allegations*

Plaintiff alleges that on or about June 7, 2018, she submitted a job application to Gypsum for the position of Truck Driver Recruiter. *See* Compl. (Doc. No. 1) at 1. Plaintiff alleges she subsequently was contacted by Defendant David Towne, former President of Gypsum, who asked that she send him a sexually explicit picture. *See id.* After refusing to comply with the request, Plaintiff was not hired for the position. *Id.* Plaintiff inquired to Gypsum's president about the position via text message and Facebook. *Id.* Plaintiff

claims Gypsum's failure to hire her constitutes gender discrimination in violation of Title

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.  *See id.*

II.     *Plaintiff's Burden to Establish Personal Jurisdiction*

The plaintiff bears the burden of establishing personal jurisdiction.  *Dudnikov v.*

*Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069-70 (10th Cir. 2008).  At the

pleading stage, the plaintiff's burden is relatively light. *Doe v. Nat'l Med. Servs.*, 974 F.2d

143, 145 (10th Cir. 1992).  Where, as here, the court considers a pretrial motion to dismiss

for lack of personal jurisdiction without conducting an evidentiary hearing, "the plaintiff

need only make a prima facie showing of personal jurisdiction to defeat the motion."  *Old*

*Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (internal

quotation marks omitted).  For purposes of the plaintiff's prima facie case, the allegations

in the complaint are accepted as true but only to the extent they are uncontroverted by the

defendant's affidavits.  *Shrader v. Biddinger*, 633 F.3d 1235, 1248 (10th Cir. 2011).  "If

the parties present conflicting affidavits, all factual disputes must be resolved in the

plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the

contrary presentation by the moving party."  *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505

(10th Cir. 1995) (internal quotation marks omitted).

When considering whether personal jurisdiction is proper in a federal question case,

federal courts must determine "(1) whether the applicable statute potentially confers

jurisdiction by authorizing service of process on the defendant and (2) whether the exercise

of jurisdiction comports with due process."  *Peay v. BellSouth Med. Assistance Plan*, 205

F.3d 1206, 1209 (10th Cir. 2000) (internal quotation marks omitted) (citing *Republic of*

*Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)).

Because "Title VII [of the Civil Rights Act of 1964] does not authorize nationwide service

of process," *Daneshvar v. Graphic Tech., Inc.*, No. 04-2212-JWL, 2005 WL 348312, at *2

(D. Kan. Feb. 11, 2005), the question of whether there is statutory authorization to serve a

Defendant in this matter is resolved by reference to Rule 4(k)(1)(A) of the Federal Rules

of Civil Procedure, which commands that the district court apply the law of the state in

which the district court sits. *See Dudnikov*, 514 F.3d at 1070. Oklahoma has enacted a

"long-arm" statute that authorizes its courts to exercise jurisdiction to the maximum extent

permitted by the federal Constitution. *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1416-17

(10th Cir. 1988); *see* Okla. Stat. tit. 12, § 2004(F). Accordingly, the Court's inquiry is

reduced to a single question: whether the Court's exercise of jurisdiction over Defendant

Gypsum and Defendant Rhodes is consistent with constitutional due process.

III.     *Minimum-Contacts Analysis*

"Due process requires both that the defendant 'purposefully established minimum

contacts within the forum State' and that the 'assertion of personal jurisdiction would

comport with fair play and substantial justice.'" *Old Republic Ins. Co.*, 877 F.3d at 903

(quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). Depending on the

facts, "an out-of-state defendant's contacts with the forum state may give rise to either

general (all-purpose) jurisdiction or specific (case-linked) jurisdiction." *Id.*

A.     General Jurisdiction

A court may exercise general jurisdiction over an out-of-state defendant where the

defendant's contacts with the forum state are "so 'continuous and systematic' as to render

[it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* at 924.

Plaintiff has not articulated any facts to support a finding that Gypsum or Mr. Rhodes is "at home" in Oklahoma. As set forth in the uncontroverted affidavit of Gypsum's Chief Financial Officer, Gypsum is a Nevada limited liability company that does not conduct any business in Oklahoma, has no assets in Oklahoma, and does not employ any employees in Oklahoma. Aff. of Ilija Cankovic (Doc. No. 8-1) ¶¶ 1, 8. Accordingly, this Court has no basis for exercising general jurisdiction over Gypsum. *See, e.g.*, *Sun Specialized Heavy Haul, LLC v. Ace Heavy Haul, LLC*, No. 16-CV-491-GKF-PJC, 2016 WL 4995168, at *2 (N.D. Okla. Sept. 16, 2016) (finding lack of general jurisdiction over North Carolina limited liability company that was "not licensed to do business in Oklahoma," "maintained no bank accounts [in Oklahoma]," "own[ed] neither real nor personal property and maintain[ed] no offices, company files, or record [in Oklahoma]," "ha[d] no agents or employees in Oklahoma, no telephone, fax, or mail listing, and ha[d] never directly advertised in [Oklahoma]").

Likewise, Mr. Rhodes' uncontroverted affidavit reflects that he is a resident of Nevada who has never set foot in Oklahoma. Aff. of Michael Rhodes (Doc. No. 8-2) ¶¶ 1-2. As such, this Court has no basis for exercising general jurisdiction over him. *See, e.g.*,

*Berry v. Borders Grp., Inc.*, No. CIV-06-297-C, 2006 WL 1704605, at \*1-2 (W.D. Okla. June 16, 2006) (finding lack of general jurisdiction over individual who "ha[d] never been to Oklahoma").

    B.    <u>Specific Jurisdiction</u>

A court may exercise specific jurisdiction over an out-of-state defendant if the plaintiff's lawsuit arises out of the defendant's contacts with the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). Thus, to establish minimum contacts for specific jurisdiction, the plaintiff must show: (1) that the defendant "purposefully directed its activities at residents of the forum state"; and (2) that "the plaintiff's injuries . . . [arose] out of the defendant's forum-related activities." *Old Republic Ins. Co.*, 877 F.3d at 904 (alteration and internal quotation marks omitted). If the plaintiff makes this showing, the court may exercise specific jurisdiction unless the defendant presents a "'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Burger King Corp.*, 471 U.S. at 477).

Courts have struggled to apply traditional due process principles—specifically, the concept of "purposeful direction"—to cases involving the internet. *See Shrader*, 633 F.3d at 1240. The "basic problem," as articulated by the Tenth Circuit, is that "the internet operates 'in' every state regardless of where the user is physically located, potentially rendering the territorial limits of personal jurisdiction meaningless." *Id.* When, as here, alleged contacts with the forum were made via the internet, the "purposeful direction" inquiry focuses on whether the internet user "*intentionally direct[ed]* his/her/its activity or operation *at* the forum state rather than just having the activity or operation accessible

there." *Id.* Specifically, courts consider whether the "defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." *Id.* at 1241. In other words, "*the forum state itself must be the focal point of the tort.*" *Id.* at 1244 (internal quotation marks omitted).

Plaintiff has not articulated any facts to support a finding that Gypsum and/or Mr. Rhodes directed any activity toward an Oklahoma audience. Gypsum's uncontroverted affidavit establishes that the company uses a website called Indeed.com "to post positions for which Gypsum routinely has hiring needs" but that it "has not posted any available positions . . . located in Oklahoma" and "does not directly seek any job applicant from the state of Oklahoma." Aff. of Ilija Cankovic, ¶¶ 4, 5, 7. Plaintiff does not specify in her Complaint how she learned about the Truck Driver Recruiter position for which she allegedly applied. *See* Compl. at 1. However, to the extent Plaintiff learned about the position through Indeed.com, Gypsum's act of advertising the position on that website— thereby making it accessible to job seekers in Oklahoma—does not constitute "purposeful direction" for purposes of a minimum contacts analysis. In sum, Plaintiff has not shown that Gypsum "deliberately directed its message" to this forum. *Shrader*, 633 F.3d at 1241.

The case for specific jurisdiction is even more tenuous with respect to Mr. Rhodes, whose uncontroverted affidavit reflects that he has "no role in the recruiting or hiring for Gypsum" and that he has "had no contact or communications with [Plaintiff]," either personally or in his capacity as Manager of Gypsum. Rhodes Aff., ¶¶ 5, 6.

*IV.    Transfer Pursuant to 28 U.S.C. § 1631*

The remaining question is whether, in lieu of dismissal, the Court should transfer this action under 28 U.S.C. § 1631 to another United States district court.  *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006) (noting that a transfer pursuant to 28 U.S.C. § 1631 may be made sua sponte).  Section 1631 provides that, where jurisdiction is lacking, a federal court "shall, if it is in the interest of justice" transfer the action to a court where the action "could have been brought."  28 U.S.C. § 1631.  The statute, as interpreted by the Tenth Circuit, "grant[s] the district court discretion in making a decision to transfer an action or instead to dismiss the action without prejudice."  *Trujillo*, 465 F.3d at 1222-23.  To determine whether the interest of justice warrants transfer, the Court considers factors such as: (1) whether "the new action would be time barred"; (2) whether "the claims are likely to have merit"; and (3) whether "the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper."  *Id.* at 1223 n.16 (internal quotation marks omitted).

In this case, Plaintiff's claims as pleaded are lacking in merit.  To prevail upon a claim for failure to hire under Title VII, Plaintiff must plead, and eventually prove: (1) that she belongs to a protected class; (2) that she applied for and was qualified for a job for which Gypsum was seeking applicants; (3) that, despite her qualifications, she was rejected; (4) that, after rejecting Plaintiff, Gypsum continued to seek applicants from persons with Plaintiff's qualifications.  *See Sandoval v. City of Boulder*, 388 F.3d 1312, 1321 (10th Cir. 2004).  Plaintiff alleges that she applied for the Truck Driver Recruiter position at Gypsum and was ultimately rejected.  *See* Compl. at 1.  She does not, however,

allege that she was qualified for the position or that Gypsum continued to seek applicants for the position after rejecting her. *See id.* Accordingly, Plaintiff fails to state a claim for failure to hire, and her claims are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). Because Plaintiff's claims appear to be lacking, transfer of the action to another federal district court would not serve the interest of justice.

## V.    *Conclusion*

For the reasons stated above, Plaintiff has failed to make a prima facie showing of personal jurisdiction with respect to Defendants Gypsum Resources Materials, LLC, and Michael Rhodes. Accordingly, Defendants' Motion to Dismiss (Doc. No. 8) is GRANTED, and the claims against these Defendants are dismissed without prejudice

IT IS SO ORDERED this 4th day of February, 2019.


_____
CHARLES B. GOODWIN
United States District Judge

8