UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

THALIA D. WAGONER, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-18-821-G
 )
DAVID TOWNE, et al., )
 )
    Defendants. )

## OPINION AND ORDER

After filing this action on August 23, 2018, Plaintiff Thalia Wagoner ("Plaintiff") failed to serve Defendant David Towne within the 90-day time period allotted by Federal Rule of Civil Procedure 4(m).[1] Accordingly, the Court on February 5, 2019, directed Plaintiff to show cause as to why her claims against Defendant Towne should not be dismissed. *See* Order (Doc. No. 19). Plaintiff failed to timely respond to the Court's show-cause order.

Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* As noted, Plaintiff has not shown good cause for

---

[1] Plaintiff's 90-day service window expired on November 21, 2018.

her failure to serve Defendant Towne and is not, therefore, entitled to a mandatory extension of time.

The resulting question is whether the Court should grant Plaintiff a permissive extension of time. A permissive extension may be justified where: (1) "the applicable statute of limitations would bar the refiled action"; (2) "the plaintiff has tried, but failed, to effect service upon the United States" in accordance with Rule 4(i); or (3) an extension is necessary to protect a pro se plaintiff "from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Espinoza v. United States*, 52 F.3d 838, 841-42 & n.8 (10th Cir. 1995) (quoting Fed. R. Civ. P. 4(m) advisory committee's note). Here, the only conceivable basis for granting Plaintiff a permissive extension is if the applicable statute of limitations would bar any refiled action.

Liberally construing the Complaint, Plaintiff appears to assert a cause of action for sexual harassment, which may arise under Title VII and/or 42 U.S.C. § 1983. *See* Compl. at 1. It appears that if the Court were to dismiss Plaintiff's claims—which accrued in June 2018—the limitations period would have run on Plaintiff's Title VII claim. *See* 42 U.S.C. § 2000e-5(e) (requiring submission of an administrative charge within 180 days after the alleged unlawful employment practice occurred). The Court further notes that Oklahoma's "savings statute," Okla. Stat. tit. 12, § 100, would not apply to this claim because the statutory limitations period is defined by federal law. *See Newman v. Burns Int'l Pinkerton Securitas*, No. 07-CIV-281-JHP-PJC, 2008 WL 356879, at *3 (N.D. Okla. Feb. 7, 2008) ("the Oklahoma Savings Clause does not enlarge the time to file federal causes of action

2

for which Congress has established a statute of limitations"). Accordingly, a Rule 4(m) dismissal of Plaintiff's Title VII claim would bar further pursuit of that claim.

The Court nonetheless concludes that a permissive extension should be denied and the matter dismissed. Plaintiff has made no effort to serve Defendant Towne and has offered no explanation for her failure to accomplish service, despite being ordered to do so. A permissive extension is likely to only further delay the prompt disposition of this matter.

Where, as here, dismissal without prejudice is equivalent to dismissal with prejudice due to the statute of limitations, federal courts consider whether dismissal "would satisfy the interest of justice" by evaluating:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance of that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Davis v. Miller*, 571 F.3d 1058, 1060-64 & n.2 (10th Cir. 2009) (citation and internal quotation marks omitted).

With respect to the first two factors, Defendant Towne has not been served, and few resources have been expended to date by the parties or the Court. Therefore, dismissal would not prejudice Defendant Towne or cause any significant interference with the judicial process.

With respect to the third and fourth factors, Plaintiff was expressly warned of the possibility of dismissal, and she nonetheless failed to take any action. Accordingly, there

is no basis for concluding that Plaintiff is not culpable for failing to serve Defendant Towne.

With respect to the fifth factor—the efficacy of lesser sanctions—the Court finds that no sanction less than dismissal is practical in these circumstances. Plaintiff's failure to serve Defendant Towne and failure to respond to the Court's show-cause order have impeded the Court's ability to proceed in this matter because the Court cannot ascertain whether Plaintiff intends to pursue her causes of action. Moreover, without proper service or waiver of service, the Court lacks personal jurisdiction over Defendant in this matter, thereby making it impossible to progress toward a merits-based disposition. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992).

For the reasons set forth above, even if dismissal of this matter is equivalent to a dismissal with prejudice, the dismissal would satisfy the interests of justice. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 918 (10th Cir. 1992). Accordingly, Plaintiff's claims against Defendant Towne are DISMISSED without prejudice.

IT IS SO ORDERED this 20th day of March, 2019.

CHARLES B. GOODWIN
United States District Judge

4